UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-25-CV-00139-KC |
| JACK MCCAGER KIDD and ARAPAHO COMMUNICATIONS, LP, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO ENLARGE TIME**

Plaintiff United States of America, by and through the United States Attorney for the Western District of Texas, respectfully files this response to Defendants' motion to extend the time to file a responsive pleading (ECF 5). The United States does not object to an extension of up to 60 days to allow Defendants the opportunity to obtain legal counsel.[1] But Defendants' request to extend the deadline by a year—or longer if necessary to "find, retain, and educate" counsel—is inappropriate. *See* ECF 5, at 1.

The Court enjoys broad discretion to extend litigation deadlines for good cause. *See* Fed. R. Civ. P. 6(b); *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) ("The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion."). An extension generally should be granted "in the absence

---

[1] A legal person such as Arapaho Communications, LP "can appear in a court of record only by an attorney at law." *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (explaining that federal statute permitting individuals to "pleading and conduct their own cases" without counsel "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

of bad faith on the part of the party seeking relief or prejudice to the adverse party." Charles A. Wright & Arthur R. Miller, 4B *Fed. Prac. & Proc. Civ.* § 1165 (4th ed., May 20, 2025 update).

Defendant Kidd's incarceration warrants a reasonable extension of time, but it does not justify indefinitely delaying these proceedings until he is released from prison. Incarcerated individuals regularly litigate in federal court, whether *pro se* or with the assistance of counsel. And Defendants do not need more time to conduct a factual investigation to respond to the Complaint, as they have known about the Government's allegations for several years, and Defendant Kidd has already admitted to the allegations in related criminal proceedings. *See* ECF 1, at ¶ 3; ECF 6, at 1–2. By contrast, a lengthy, potentially indeterminate extension would prejudice the United States. Although the Government's claims are timely due to several tolling agreements entered by the parties during pre-litigation settlement discussions (at which time Defendants did have legal counsel), *see* ECF 1, at ¶ 3, significant additional delay may hinder the United States' ability to effectively prosecute this case.

WHEREFORE, the United States respectfully requests that the Court extend the deadline for Defendants to file a responsive pleading by no more than 60 days.

Dated: June 26, 2025

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

*/s/ Thomas A. Parnham Jr.*
THOMAS A. PARNHAM JR.
Assistant United States Attorney
Texas State Bar No. 24146529
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
(512) 916-5858 (tel)
(512) 916-5854 (fax)
thomas.parnham@usdoj.gov

**Counsel for United States of America**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, I caused a copy of the foregoing to be served on all parties by first-class U.S. mail addressed as follows:

Jack McCager Kidd
Register No. 72011-509
Satellite Prison Camp
P.O. Box 24549
Tucson, AZ 85734-4549

                                              */s/ Thomas A. Parnham Jr.*
                                              THOMAS A. PARNHAM JR.
                                              Assistant United States Attorney